## EICHHOLTZ v. YOCHIM ET AL.

———

(July 1, 1930.   Opinion and Decree.)

———

Elias Bowsky, of New Orleans, attorney for plaintiff, appellant.

Arthur B. Leopold, Henriques Duchamp & De La Houssaye, of New Orleans, attorneys for defendants, appellees.

WESTERFIELD, J. This is a suit against a real estate agent, ·J. C. Yochim, and his employee, O. V. Cooper, for the return of $1,250 alleged to have been deposited with Cooper as part of the purchase price of certain property, the sale of which was not consummated.

The plaintiff, William B. Eichholtz, was the owner of a piece of real estate known as No. 2820 Monroe street, and Mrs. Ethel Guinle owned a piece of property known as 6320-22 Barrett street. Eichholtz agreed to sell his property to Mrs. Guinle for $7,-500 and Mrs. Guinle agreed to sell Eichholtz her property for $9,500. The sale from Eichholtz to Mrs. Guinle was consummated, but the sale from Mrs. Guinle to Eichholtz failed because of certain incumbrances affecting her title. Eichholtz, after paying a mortgage which rested upon his property, realized, from the sale to Mrs. Guinle, the sum of $2,291.12. The check for this amount he indorsed over to Cooper, who had handled the transaction involving the reciprocal sales. Cooper immediately issued his check to Eichholtz for $1,041.12, leaving in his hand $1,250 which was the subject of a written mandate from Eichholtz to Cooper, reading as follows:

"This letter will be your authority to use the $1,250.00 I am turning over to you in clearing up the title to the property, 6320-22 Barrett Street (Mrs. Guinle's property) the balance, if any, after deducting your commission on the Monroe Street property to be turned over to Mrs. Guinle.
        "(Signed)  W. B. Eichholtz."

The defendant Yochim denies all responsibility for the $1,250 given to his employee, Cooper, upon the ground that it was given without his knowledge, and that the subject of the mandate was not within the scope of his employe's duties.

Cooper answered admitting receipt of the $1,250, and claiming that it was expended for the purpose for which it was given.

There was judgment below in favor of both defendants dismissing plaintiff's suit, but upon application for a new trial the case was re-opened as to Cooper; the judgment as to Yochim, however, was allowed

to stand. This appeal concerns only the propriety of the judgment in Yochim's favor.

The *sole question*, therefore, is the responsibility of the defendant Yochim for the action of his employee in connection with the receipt of plaintiff's money.

It is true that Cooper was employed by Yochim and that he assisted in the negotiations which led up to the agreement for the exchange of the properties of Mrs. Guinle and the plaintiff Eichholtz, but his duties in connection with that transaction (he was a salesman) could hardly be said to involve the disbursement for account of Eichholtz of $1,250 for the purpose of clearing up Mrs. Guinle's title. The check which plaintiff received from the sale of his property to Mrs. Guinle was indorsed over to Cooper personally and not to his employer Yochim. It was placed in Cooper's personal account and Cooper gave his personal check to Eichholtz for $1,041.12. The mandate in connection with the expenditure of the money was in Cooper's name and was of a nature which could have been performed by any one.

All of the circumstances indicate that Eichholtz intended for Cooper personally to discharge the trust imposed upon him, and we are unable to find that Yochim was in any way involved, as a matter of fact, or of law, in the proper discharge of Cooper's undertaking. A salesman would not ordinarily be expected to accept commissions of the sort committed to Cooper by Eichholtz, as they form no part of his duties, and his employer cannot be held responsible for proper execution of such undertakings engaged in without his knowledge or consent.

For the reasons assigned, the judgment appealed from is affirmed.